**Slip Op. 10-76**

# UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

**SKF USA INC., SKF FRANCE S.A., SKF AEROSPACE FRANCE S.A.S., SKF GmbH, and SKF INDUSTRIE S.p.A.**,

Plaintiffs,

v.

**UNITED STATES**,

Defendant,

and

**THE TIMKEN COMPANY**,

Defendant-Intervenor.

</td><td>

**Before:  Timothy C. Stanceu, Judge**

**Court No. 08-00322**

</td></tr>
</table>

## OPINION

[Affirming a redetermination of the final results of an antidumping administrative review in which the United States Department of Commerce recalculated the constructed value of merchandise obtained from an unaffiliated supplier]

Dated: July 7, 2010

*Steptoe & Johnson LLP* (*Herbert C. Shelley*, *Alice A. Kipel*, and *Laura R. Ardito*) for plaintiffs.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*L. Misha Preheim*); *Joanna V. Theiss* and *Brian R. Soiset*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Stewart and Stewart* (*Geert M. De Prest*, *Terence P. Stewart*, *William A. Fennell*, and *Lane S. Hurewitz*) for defendant-intervenor.

Stanceu, Judge: The court has reviewed the Results of Redetermination Pursuant to Court Remand ("Remand Redetermination") filed by the International Trade Administration, United States Department of Commerce ("Commerce" or the "Department") on March 16, 2010. Plaintiffs SKF USA Inc., SKF France S.A., SKF Aerospace France S.A.S., SKF GmbH ("SKF Germany" or "SKF GmbH"), and SKF Industrie S.p.A. (collectively, "SKF" or "plaintiffs") brought this action to contest a final determination that Commerce issued in the eighteenth administrative reviews of antidumping duty orders on ball bearings and parts thereof from France, Germany, Italy, Japan, and the United Kingdom (the "Final Results"). *See Ball Bearings & Parts Thereof From France, Germany, Italy, Japan, & the United Kingdom: Final Results of Antidumping Duty Admin. Reviews & Rescission of Reviews in Part*, 73 Fed. Reg. 52,823 (Sept. 11, 2008) ("*Final Results*"). The court concluded that the Department acted contrary to law in drawing an inference adverse to SKF GmbH and ordered the Department to redetermine the constructed value of SKF GmbH's merchandise without using an adverse inference. *SKF USA Inc. v. United States*, 33 CIT __, __, 675 F. Supp. 2d 1264, 1278 (2009).

In *SKF*, the court determined that the Department acted lawfully in requesting cost of production ("COP") data from an unaffiliated supplier of SKF GmbH. *Id.* at __, 675 F. Supp. 2d at 1269-72. The court further held that the Department acted within its authority in rejecting the untimely submission of the COP data by the unaffiliated supplier and that Commerce was authorized to use "facts otherwise available" to determine constructed value for the subject bearings. *Id.* at __, 675 F. Supp. 2d at 1272-74. However, in calculating the 4.15% antidumping duty rate assigned to SKF GmbH in the Final Results, Commerce, invoking facts otherwise available and an adverse inference pursuant to 19 U.S.C. § 1677e (2006), applied a rate of

17.66% to the sales of subject merchandise that SKF GmbH purchased from the unaffiliated

supplier because the requested COP information pertaining to that supplier was not timely

submitted to Commerce during the review. *Id.* at __, 675 F. Supp. 2d at 1268. The court

concluded that the Department acted contrary to law in drawing an inference adverse to SKF

GmbH upon the failure of the unaffiliated supplier to make a timely submission of the requested

COP data because Commerce made no "finding that SKF GmbH or any other of the plaintiffs

failed to respond to the best of its ability" as required by 19 U.S.C. § 1677e(b). *Id.* at __, 675 F.

Supp. 2d at 1274.

 The court directed the Department to "recalculate SKF GmbH's margin after

redetermining the constructed value of the subject merchandise SKF GmbH obtained from the

unaffiliated supplier" using "available record evidence, without using an inference adverse to

SKF GmbH." *Id.* at __, 675 F. Supp. 2d at 1278. The court noted that

> [o]n the record as it stood at the time Commerce rejected the untimely-submitted
> COP data, the record information and "facts otherwise available" included the
> record data pertaining to the acquisition costs incurred by SKF GmbH, a source of
> information that Commerce had determined was reasonable and appropriate for
> determining constructed value in numerous previous reviews of the antidumping
> duty order.

*Id.* at __, 675 F. Supp. 2d at 1277-78. The court stated that

> Commerce also had discretion to readmit to the record, and consider using as facts
> otherwise available, the previously-rejected COP data, which arrived only three
> business days late, a delay that was so short that it must be presumed to be
> immaterial to the timely completion of the review. Both the COP data and the
> acquisition cost data had the virtue of bearing a probative relationship to the
> subject merchandise Commerce was attempting to value.

*Id*. at __, 675 F. Supp. 2d at 1278.

In the Remand Redetermination, Commerce determined that "[b]ecause SKF Germany's acquisition cost is the only cost information on the record, pursuant to the Court's instructions we have recalculated the dumping margin for SKF Germany using the acquisition costs it reported for the period of review." Remand Redetermination 2. As a result, the weighted-average dumping margin for SKF GmbH for the period May 1, 2006 through April 30, 2007 decreased from 4.15% to 1.97%. *Id*. at 3. Commerce did not use information adverse to SKF GmbH to recalculate the constructed value for the subject bearings, in accordance with the court's order. *Id.* at 2-3*; see SKF,* 33 CIT at __, 675 F. Supp. 2d at 1278, 1286.

The court allowed plaintiffs and defendant-intervenor thirty days from the submission of Commerce's remand redetermination in which to file with the court comments on the Remand Redetermination. *SKF*, 33 CIT at __, 675 F. Supp. 2d at 1286. Neither the plaintiffs nor defendant-intervenor filed comments. Remand Redetermination 1. Moreover, plaintiffs and defendant-intervenor filed letters with the court declaring they have no intention of filing such comments*. See Letter from Steptoe & Johnson LLP to U.S. Ct. of Int'l Trade* (Apr. 15, 2010); *Letter from Stewart & Stewart to U.S. Ct. of Int'l Trade* (Apr. 21, 2010). Under these circumstances, the court reasonably may infer that the parties concur in the Remand Redetermination. *See Wuhan Bee Healthy Co. v. United States*, 32 CIT__, __, Slip Op. 08-61, at 12 (May 29, 2008) ("Under such circumstances, Commerce 'may well be entitled to assume that the silent party has decided, on reflection, that it concurs in the agency's [remand results],' and the court will uphold the parties' concurrence." (quoting *AL Tech Specialty Steel Corp. v. United States*, 29 CIT 276, 285, 366 F. Supp. 2d 1236, 1245 (2005))). The court therefore will affirm the Remand Redetermination on the assumed concurrence of the parties.

In addition, the court will grant declaratory relief on plaintiffs' claim challenging the policy, rule, or practice of the Department to issue liquidation instructions fifteen days after the publication of the final results of an administrative review (the "fifteen-day policy"). *SKF*, 33 CIT at __, 675 F. Supp. 2d at 1286. For the reasons stated in *SKF*, 33 CIT at __, 675 F. Supp. 2d at 1280-85, the court will enter a declaratory judgment that the Department's fifteen-day policy is contrary to law.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: July 7, 2010
      New York, New York